UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS GONZALEZ CORTEZ, | : | |
| Petitioner, | : | Civ. No. 13-6920 (RBK) |
| v. | : | **OPINION** |
| J. HOLLINGSWORTH, | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. In 2005, he received a sentence of 295 months imprisonment. Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 11, 2013, this Court administratively terminated this case as petitioner had neither paid the $5.00 filing fee nor submitted an application to proceed *in forma pauperis*. Subsequently, petitioner paid the $5.00 filing fee. Therefore, the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## II.   BACKGROUND

Petitioner pled guilty to one count of conspiracy with intent to distribute cocaine and received a 295-month prison sentence from the United States District Court for the Eastern

1

District of Texas in July, 2005.  (*See* E.D. Tex. Crim. No. 04-0156-4, Dkt. No. 88.)[1]  The United States Court of Appeals for the Fifth Circuit ultimately dismissed petitioner's direct appeal in 2006.  (*See id.* Dkt. No. 111.)  Petitioner then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in August, 2007.  (*See* E.D. Tex. Civ. No. 07-374.)  In that motion, petitioner argued that he was denied effective assistance of counsel, his rights to due process and a jury finding were violated and his plea agreement was unknowing and involuntary based on ineffective assistance of counsel.  (*See id.* Dkt. No. 1.)  On May 20, 2010, the Magistrate Judge assigned to the case recommended that the § 2255 motion be denied on the merits.  (*See id.* Dkt. No. 19.)  On July 19, 2010, the District Judge adopted the Magistrate Judge's report and recommendation and the § 2255 motion was denied.  (*See id.* Dkt. No. 21.)  The Fifth Circuit denied a certificate of appealability in July, 2011.  (*See* Dkt. No. 31.)

Petitioner has now filed the instant habeas petition in this Court pursuant to 28 U.S.C. § 2241.[2]  He claims that he is actually innocent of the sentencing court's judicial findings with

---

[1] The Court takes judicial notice of the proceedings in petitioner's prior criminal and subsequent federal habeas proceedings.  *See McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

[2] Section 2241 states in relevant part:

    (a)    Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
    (c)    The writ of habeas corpus shall not extend to a prisoner unless –
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
        (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the

respect to sentencing enhancements that included to the drug quantity involved, petitioner's role as leader and organizer and a gun enhancement. Thus, he claims that he should have been sentenced to only 120 months imprisonment as opposed to 295 months.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.   DISCUSSION

Petitioner is challenging the sentence he received in the Eastern District of Texas in this § 2241 federal habeas action. Generally, a challenge to the validity of a federal conviction or

---

> commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner argues that the Eastern District of Texas erred in making three sentencing enhancement judicial findings: (1) drug quantity; (2) leader role; and (3) gun enhancement. In making his arguments, petitioner relies on *Alleyne v. United States*, - U.S. -, 133 S. Ct. 2151 (2013) because these enhancements were found by the judge as opposed to a jury.

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Petitioner's claim is that he was improperly given sentencing enhancements. Such an argument is insufficient to fall within the *Dorsainvil* exception as it relates to an argument that petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was

convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Additionally, petitioner's reliance on the Supreme Court's decision in *Alleyne* does not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition to move forward. Indeed, as the Third Circuit has stated:

> [Petitioner] cannot avail himself of the [*Dorsainvil*] exception in this case. As noted above, he relies on the Supreme Court's decision in *Alleyne* to support his petition. *Alleyne* is essentially an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000): in *Apprendi*, the Court held that under the Fifth And Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi*, 530 U.S. at 490, and in *Alleyne*, the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," *Alleyne*, 133 S. Ct. at 2163. We have held that, "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument," *Okereke*, 307 F.3d

6

at 121, and there is no basis to treat claims brought under *Alleyene* differently.

*Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014) (per curiam); *see also Oliver-Diaz v. Warden Fort Dix FCI*, No. 13-4609, 2014 WL 1364001, at *1 (3d Cir. Apr. 8, 2014) (per curiam). Similar to *Sacksith*, petitioner's reliance in *Alleyene* in this case does not warrant finding that this case falls within the *Dorsainvil* exception to establish jurisdiction. *Accord Sacksith*, 2014 WL 279754, at *2. Therefore, petitioner improperly relies on § 2241 in raising his sentencing enhancement claim.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Fifth Circuit as a request to file a second or successive § 2255 motion. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (finding that *Alleyne* does not apply retroactively to cases on collateral review). However, the Court's decision to not transfer this case to the Fifth Circuit does not prevent petitioner from seeking leave from the Fifth Circuit to file a second or successive § 2255 motion should he elect to do so.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.

DATED: July 2, 2014

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge